<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

JANE E. DAVIS, Individually and          )
as Executrix of the Estate of           )
Robert N. Davis,                         )
                                         )
            Plaintiff                    )
                                         )
        v.                               )       Civil Action
                                         )       No. 13-cv-07038
ALLSTATE PROPERTY AND CASUALTY           )
COMPANY                                  )
                                         )
            Defendant                    )

                            *     *     *

APPEARANCES:

            SUSAN ELLIS WILD, ESQUIRE
                  On behalf of Plaintiff.

            KRISTIN H. JONES, ESQUIRE
                  On behalf of Defendant.

                            *     *     *


                  [SPACE INTENTIONALLY LEFT BLANK]

## TABLE OF CONTENTS

SUMMARY OF DECISION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONTENTIONS OF THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Contentions of the Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Contentions of the Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Count I: Declaratory Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

        Validity of August 4, 2010 Section 1734 Form . . . . . . . . . . . 17

        Section 1791 Important Notice . . . . . . . . . . . . . . . . . . . . . . . . 21

    Counts II and III: State-Law Bad Faith Claim . . . . . . . . . . . . . . . 23

    Count IV: Breach of Covenant of Good Faith and Fair Dealing . . . 25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Defendant Allstate Property and Casualty Insurance Company's[1] Motion to Dismiss Plaintiff's Amended Complaint, which motion was filed February 12, 2014 ("Motion to Dismiss"), together with a supporting memorandum of law and five exhibits.[2]  Plaintiff filed her Response of Plaintiff, Jane E. Davis, Individually and as Executrix of the Estate of Robert N. Davis, to Motion to Dismiss of Defendant, Allstate Property and Casualty Company on February 27, 2014, together with a supporting memorandum of law and five exhibits.[3]

---

[1]      In the Documents filed in this action, defendant refers to itself as Allstate Property and Casualty Insurance Company.  Plaintiff's documents and the caption refer to defendant as Allstate Property and Casualty Company.

[2]      Defendant's Memorandum of Law in Support of Defendant Allstate property and Casualty Insurance Company's Motion to Dismiss Plaintiff's Amended  Complaint included the following five exhibits: Exhibit 1, copy of Notice to Named Insureds dated June 2, 2004, Allstate Policy/ Application No. 000076414553439; Exhibit 2, copy of Important Notice dated June 2, 2004, Allstate Policy/ Application No. 000076414553439; Exhibit 3, copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated June 2, 2004, Allstate Policy/ Application No. 000076414553439; Exhibit 4, copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated August 4, 2010, Allstate Policy/ Application No. 908187420; and Exhibit 5, copy of Allstate Property and Casualty Insurance Auto Policy for Jane E. Davis and Robert N. Davis, effective December 3, 2011 through June 3, 2012, Policy No. 908187420.

[3]      Plaintiff's Response and Brief of Plaintiff, Jane E. Davis, Individually and as Executrix of the Estate of Robert N. Davis, to Motion to Dismiss of Defendant, Allstate Property and Casualty Company included the following five exhibits: Exhibit A, copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated June 2,

(Footnote 3 continued):

Defendant filed its Reply Memorandum of Law in Support of Defendant Allstate Property and Casualty Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint on April 15, 2014.  Plaintiff filed her Sur-reply Brief of Plaintiff, Jane E. Davis, Individually and as Executrix of the Estate of Robert N. Davis, In Opposition to Reply Brief of Defendant, Allstate Property and Casualty Company on April 15, 2014.

## SUMMARY OF DECISION

For the following reasons, I grant defendant's motion to dismiss.  Specifically, I dismiss plaintiff's claim in Count I, requesting a declaratory judgment declaring that she is entitled under her insurance policy to underinsured motorist coverage in the amount of $600,000.  I do so because I conclude that prior to her husband's fatal car accident, plaintiff and her husband had complied with all the requirements necessary under Pennsylvania's Motor Vehicle Financial Responsibility Act to reduce their policy's underinsured motorist coverage to $15,000 per person and $30,000 per accident.

---

(Continuation of footnote 3):

2004, Allstate Policy/ Application No. 000076414553439; Exhibit B, copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated August 4, 2010, Allstate Policy/ Application No. 908187420; Exhibit C, copy of Important Notice dated June 2, 2004, Allstate Policy/ Application No. 000076414553439; Exhibit D, copy of an Email exchange between Jane E. Davis dated July 27, 2010 and her Allstate Agent Steven Lechmonik dated August 2, 2010; and Exhibit E, copy of Affidavit of Plaintiff, Jane E. Davis, in Support of Plaintiff's Response to Motion to Dismiss of Defendant, Allstate Property and Casualty Company dated February 24, 2014, in which Mrs. Davis describes how her agent prepared and presented a 2010 form to the Davises.

I dismiss plaintiff's bad faith claims in Count II and Count III, requesting attorney's fees and costs, and punitive damages and interest, respectively.  I conclude that because defendant correctly denied underinsured coverage in excess of the amount for which plaintiff had contracted, as a matter of law plaintiff cannot bring a claim based on the theory that defendant unreasonably refused coverage.  Furthermore, I conclude that plaintiff has not pleaded sufficient facts to state a bad faith claim on any other basis.

Finally, I dismiss plaintiff's claim in Count IV for breach of an implied covenant of good faith and fair dealing, because I conclude that Pennsylvania law precludes a breach of good faith claim from proceeding independently of the contract claim on which it is based.  Therefore, plaintiff's claim in Count IV cannot survive without the underlying contractual claim in Count I.

## JURISDICTION

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff Jane E. Davis is a citizen of Pennsylvania, defendant Allstate Property and Casualty Company is a citizen of Illinois, and the amount in controversy exceeds $75,000.00.

**VENUE**

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims, specifically, the issuing of plaintiff's insurance policy and the car accident for which insurance claims have been made, occurred within this judicial district.

**PROCEDURAL HISTORY**

This matter is before the court on the Amended Complaint for Declaratory and Other Relief ("Amended Complaint"), filed January 30, 2014 by plaintiff Jane E. Davis. Defendant Allstate Property and Casualty Company ("Allstate") filed a motion to dismiss the Amended Complaint on February 12, 2014, which motion, having been briefed by the parties, is now before the court for disposition.

**STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of

public record, including other judicial proceedings.  Sands v.
McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil
Procedure 9, a complaint is sufficient if it complies with
Rule 8(a)(2), which requires "a short and plain statement of the
claim showing that the pleader is entitled to relief".
Rule 8(a)(2) does not require heightened fact pleading of
specifics, but only enough facts to state a claim to relief that
is plausible on its face.  Twombly, 550 U.S. at 570,
127 S.Ct. at 1974, 167 L.Ed.2d at 949.[4]

In determining whether a complaint is sufficient, the
court must accept all factual allegations as true, construe the
complaint in the light most favorable to the plaintiff, and
determine whether, under any reasonable reading, the plaintiff
may be entitled to relief.  Fowler, 578 F.3d at 210 (citing
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.
2008)).

Although "conclusory" or "bare-bones allegations" will
not survive a motion to dismiss, Fowler, 578 F.3d at 210, a
complaint may not be dismissed merely because it appears

---

[4]        The Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662,
684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that
the "facial plausibility" pleading standard set forth in Twombly applies to
all civil suits in the federal courts.  Fowler v. UPMC Shadyside,
578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then
"allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged", and that plaintiff is entitled to relief.
Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949,
173 L.Ed.2d at 884).

unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 178 L.Ed.2d 868, 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  Iqbal,

556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-
885.

A well-pled complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those
facts is improbable, and that a recovery is very remote and
unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Accepting the well-pleaded factual averments in
plaintiff's Amended Complaint and the attached exhibits as true,
and construing that complaint in the light most favorable to the
plaintiff, as I am required to do by the applicable standard of
review outlined above, the pertinent facts are as follows.
Plaintiff's husband, Robert N. Davis, died on February 1, 2012
as a result of an automobile accident on State Route 329, in
North Whitehall Township, Lehigh County, Pennsylvania.  The
accident was caused by the negligent operation of a vehicle by
Alfred Hanna, who crossed the center line and struck Mr. Davis'
car head-on.[5]  Mr. Hanna's vehicle was insured through his
business under a commercial policy with State Auto Property and
Casualty, with a combined single liability limit of $1,000,000.[6]

---

[5]        Amended Complaint at ¶¶ 1,3.

[6]        Id. at ¶¶ 5,6.

The Davises had maintained a motor vehicle insurance policy with Allstate, issued in Pennsylvania and subject to the laws of that commonwealth,[7] including the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").[8]  The policy in effect at the time of the accident lists the insured parties as "Jane E[.] & Robert N[.] Davis."[9] The policy carried a single liability limit of $300,000 per vehicle for each of the Davises' two vehicles and permitted "stacking" of benefits, for a total coverage of $600,000.[10]

Pursuant to the policy and the MVFRL, the Davises' policy provided for underinsured motorist ("UIM") and uninsured motorist ("UM") coverage (jointly "UM/UIM coverage") in amounts equal to the policy's bodily injury liability limit, for a total UM/UIM coverage of $600,000.[11]  This amount could only be reduced by means of a reduction in benefits form signed by the "First Named Insured."[12]  Two such forms exist for plaintiff's policy: one dated June 2, 2004, bearing the signature "Jane E. Davis,"

---

[7]         Amended Complaint at ¶¶ 7, 15.

[8]         75 Pa.C.S.A §§ 1701-1799.7.

[9]         Exhibit A to Amended Complaint, copy of Allstate Automobile Insurance Policy No. 908187420, at 5.

[10]         Amended Complaint at ¶¶ 18, 19, 21.

[11]         Id. at ¶¶ 21-22.

[12]         Id. at ¶ 22.

and one dated August 4, 2010, with the signatures "Jane E. Davis" and "Robert N. Davis."[13]

Allstate issued an "Important Notice" form dated June 2, 2004 for Policy Number 000076414553439, which advises the insured of their rights under the MVFRL and bears only Mrs. Davis' signature.[14]  This form, and all other relevant provisions of the policy, lists "Jane E[.] & Robert N[.] Davis" as the "First Named Insured."[15]  Plaintiff contends that Policy Number 000076414553439 was not the policy in effect at the time of the accident, and that Allstate never issued an "Important Notice" form bearing the correct Policy Number 908187420, nor any "Important Notice" that Mr. Davis received or signed.[16]

Plaintiff avers that the August 4, 2010 form did not provide Mr. Davis sufficient information, particularly with respect to his rights under the MVFRL, to allow him to make an informed decision to purchase UM/UIM coverage.[17]  Plaintiff further avers that Allstate never issued a valid Section 1731

---

[13]     Exhibit B to Amended Complaint, copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated June 2, 2004, Allstate Policy/ Application No. 000076414553439 and copy of Request for Lower Limits of Coverage for Uninsured and Underinsured Motorist Insurance dated August 4, 2010, Allstate Policy/ Application No. 908187420.

[14]     Exhibit C to Amended Complaint, copy of Important Notice dated June 2, 2004, Allstate Policy/ Application No. 000076414553439.

[15]     Amended Complaint at ¶¶ 33-34.

[16]     Id. at ¶¶ 30-32, 36-38.

[17]     Id. at ¶ 41.

form, a form allowing the insured to waive or elect UM/UIM coverage equal to the policy's amount for bodily injury liability, the mandated standard offering under the MVFRL.[18] Allstate has refused to pay out any more than $30,000 in UIM benefits to cover the losses resulting from Mr. Davis' accident.[19]

## PLAINTIFF'S CLAIMS

On January 1, 2014, plaintiff Jane E. Davis filed her Amended Complaint, asserting four causes of action against defendant Allstate.  Count I brings a claim for declaratory relief, asserting that plaintiff is entitled to the full $600,000 in UIM benefits under the insurance policy and requesting a declaratory judgment to that effect, as well as attorney's fees and costs.

Count II asserts a claim for attorney's fees and costs under 42 Pa.C.S.A. §§ 7538, 7541(b), and alleges that Allstate acted in bad faith in handling plaintiff's claim for UIM benefits.  Count III asserts a claim for punitive damages and interest pursuant to the Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371.

Count IV asserts a claim of breach of an implied covenant of good faith and fair dealing, alleging that defendant

---

[18]         Amended Complaint at ¶ 43.

[19]         Id. at ¶ 51.

Allstate acted without a reasonable basis for denying coverage
to plaintiff and with reckless disregard of the lack of a
reasonable basis.

### CONTENTIONS OF THE PARTIES

### Contentions of the Defendant

Defendant moves to dismiss plaintiff's Amended
Complaint in its entirety.  Allstate first contends that
Pennsylvania law bars from the outset plaintiff's claim of
entitlement to additional UIM benefits in Count I.

Defendant contends that "co-first named insureds" or
"joint first named insureds" do not exist under Pennsylvania
law.  Rather, "first named insured" simply refers to the first
person listed on the policy, whose decisions bind all those
insured under the same policy.  Therefore, defendant alleges
that plaintiff was the first named insured, not she and her
husband jointly, and thus her signature alone on the 2004 step-
down form sufficed to validly reduce the UIM coverage under her
policy.

Additionally, defendant contends that even if
plaintiff were correct, and Mr. and Mrs. Davis were jointly the
first named insured, the Davises both signed the August 4, 2010
form, which complies with Section 1734's requirements for
reducing the amount of UM/UIM coverage.  In fact, defendant
contends, the form in this case was far more clear and

-13-

informative than other forms Pennsylvania courts have upheld as satisfying Section 1734.[20]

Defendant next contends that the existence of a signed Section 1791 Important Notice document does not affect the enforceability of the 2010 Section 1734 step-down form that plaintiff signed.  Defendant argues that Pennsylvania state law does not grant a remedy for an insurer's failure to provide an Important Notice under Section 1791, especially not a remedy in the form of granting more coverage than the insured party paid for.

Additionally, defendant contends that plaintiff did in fact receive and sign a Section 1791 Important Notice. Defendant asserts that the apparent discrepancy in the policy numbers simply results from the earlier use of the policy application number (000076414553439), which the permanent policy number (908187420) subsequently replaced.  Therefore, all the forms plaintiff presents pertain to a single policy.

Defendant next asserts that the requirements of Section 1731 of the MVFRL do not apply to plaintiff's request

---

[20]         Specifically, the form was a separate document which: (1) informed the Davises that if they did not reject or lower UM/UIM coverage, it would be included in the policy at limits equal to those governing bodily injury liability; (2) listed the available levels of UM/UIM coverage; (3) required the Davises to affirmatively select a UM/UIM coverage limit for each vehicle; and (4) required the first named insured to sign and date the form. Accordingly, the August 4, 2010 form adequately shows the Davises' intent to reduce their UM/UIM coverage and their awareness of their options when doing so.

for reduction of UM/UIM benefits because Section 1731 governs the procedure for rejecting UM/UIM coverage entirely and has no relevance to reducing coverage.

Next, defendant contends that plaintiff predicates the claims in Counts II and III on defendant's alleged unreasonable refusal to pay UIM coverage equivalent to bodily injury liability coverage, and because defendant had a reasonable basis for denying coverage, plaintiff's bad faith claims fail.

Finally, defendant argues that plaintiff's breach of good faith claim in Count IV fails because defendant fully complied with the terms of plaintiff's insurance contract, and thus could not have violated a covenant of good faith and fair dealing predicated on an alleged breach of that contract.

### Contentions of the Plaintiff

Plaintiff first contends that her signature alone on the 2004 step-down form did not suffice to reduce UM/UIM limits under Section 1734.  Plaintiff argues that the policy defines the "First Named Insured" as "Jane E[.] and Robert N[.] Davis," and therefore the policy should be read to define plaintiff and her husband jointly as First Named Insured.  Plaintiff argues that this means that any form signed by her, but not her husband, has no impact upon the rights of Mr. Davis' estate under the policy.  Because Mr. Davis did not sign the 2004 form, the form failed to validly reduce the level of UIM coverage, and

-15-

his estate is entitled to UIM coverage equal to the full amount of bodily injury liability, or $600,000.

Plaintiff next argues that although both she and her husband signed the 2010 step-down form, this form, too, fails to satisfy Section 1734's requirements for valid reduction of UIM/UM coverage because Pennsylvania law holds that any writing not fully prepared by the insured fails to satisfy the requirements of Section 1734.  Plaintiff alleges that the Davises' insurance agent, not the Davises themselves, prepared the 2010 step-down form, and thus that the form did not validly reduce the policy's UM/UIM coverage.

Plaintiff further argues that the absence of a Section 1791 Important Notice form signed by Robert N. Davis negates the presumption that the reduction of UIM benefits was knowing and intelligent.

Finally, plaintiff argues that a bad faith claim is a separate cause of action which may survive even if the plaintiff does not succeed on the predicate insurance claim. Thus, plaintiff contends, Allstate can be held liable in bad faith even if they are found to have complied fully with the MVFRL based on an insurer's failure to adequately investigate or perform sufficient legal research concerning coverage.

**DISCUSSION**

**Count I: Declaratory Relief**

Validity of August 4, 2010 Section 1734 Form

Section 1731 of Pennsylvania's Motor Vehicle Financial Responsibility Law requires providers of motor vehicle insurance to offer optional uninsured and underinsured motorist coverage, which compensates the insured party for losses caused by underinsured or uninsured drivers.  75 Pa.C.S. § 1731.  A named insured party may request this coverage in writing, in an amount equal to or less than his policy's liability limit for bodily injury.  75 Pa.C.S. § 1734.

Section 1734 is intended to provide a "very simple, clear-cut rule for an insurance company to follow -- to lower the limits [of underinsured or uninsured motorist coverage] it must insist on a written authorization signed by the named insured."  Nationwide Insurance Company v. Resseguie, 980 F.2d 226, 232 (3d Cir. 1992)(citing Nationwide Insurance Company v. Resseguie, 782 F.Supp. 292, 294 (M.D.Pa. 1992)).

When choosing to reduce the level of UM/UIM coverage below the amount of bodily injury coverage under Section 1734, an insured does not need to comply with the technical requirements for waiving such coverage outlined in Section 1731. Lewis v. Erie Insurance Exchange, 793 A.2d 143, 153 (Pa. 2002).

Instead, to satisfy Section 1734, the insured must provide a signed written request which contains an express designation of the desired lower coverage amount and manifests the insured's intent to purchase coverage in amounts less than the bodily injury liability limits.  Orsag v. Farmers New Century Insurance, 15 A.3d 896, 901 (Pa. 2011); Erie Insurance Exchange v. Larrimore, 987 A.2d 732, 740 (Pa.Super.Ct. 2009).

Plaintiff contends that the form entitled "Request for Lower Limits of Coverage for Uninsured and Underinsured Motorists Insurance" dated August 4, 2010, which defendant attached to its motion to dismiss as Exhibit 4 ("2010 Form"), is not a valid written request under Section 1734 because she and her husband did not fully prepare the form: although they both signed it, their insurance agent placed "x's" in the boxes that indicate the desired coverage amounts.[21]  Though plaintiff cites

---

[21]      Plaintiff supports her argument with two exhibits to her Response to defendant's motion: an email exchange between Mrs. Davis dated July 27, 2010 and her Allstate agent Steven Lechmonik dated August 2, 2010 (Exhibit D), and an affidavit dated February 24, 2014 in which Mrs. Davis describes how her agent prepared and presented the 2010 form to the Davises titled Affidavit of Plaintiff, Jane E. Davis, in Support of Plaintiff's Response to Motion to Dismiss of Defendant, Allstate Property and Casualty Company (Exhibit E).

However, to consider matters outside the pleadings while ruling on a motion to dismiss, a court must construe the motion to dismiss as a motion for summary judgment under Rule 56 and grant the parties reasonable time to conduct discovery.  Fed.R.Civ.P. 12(d).  Because I conclude that Pennsylvania law does not invalidate a Section 1734 writing merely because it was prepared by the agent instead of the insured, any involvement by the Davises' agent is immaterial.  Accordingly, I decline to construe defendant's motion as a motion for summary judgment, and do not consider Exhibits D and E attached to plaintiff's Response to defendant's motion to dismiss.

-18-

several cases in which writings failed to satisfy Section 1734, those cases do not govern the outcome in this matter.[22]

This court has held explicitly that, under Pennsylvania law, a UM/UIM reduction request does not fail merely because an insurance agent filled out the coverage amounts on the form. See State Farm Mutual Auto Insurance Company v. Hughes, 438 F.Supp.2d 526, 536 (E.D.Pa. 2006) (Strawbridge, M.J.), which held that though "the lower UM/UIM designations were filled in by the State Farm agent and not Mrs. Hughes herself[, w]e find no legal significance in this fact."

In Hughes the court found that the insureds' insurance application sufficed as a written request under Section 1734 for UIM coverage of $25,000 per person and $50,000 per accident when the insured signed the application within two inches of the requested coverage amounts, indicated by a handwritten "25/50" written by the insurance agent next to the designation

---

[22]     In Nationwide Insurance Company v. Resseguie, the request for reduced UM/UIM coverage was verbal only, and made by a person other than the first named insured.  980 F.2d 226, 229 (3d Cir. 1992).  In Erie Insurance Exchange v. Larrimore, the coverage amounts were written in the insurance application instead of on a separate request form, and the insured signed the end of the policy indicating general acceptance of the policy instead of specific acceptance of the UM/UIM amounts.  987 A.2d 732, 734-735, 741 (Pa.Super. 2009).

          In Motorists Insurance Companies v. Emig, the Superior Court of Pennsylvania held that a signature at the end of a policy change form did not satisfy Section 1734 because a separate provision on the form for reducing or rejecting UM/UIM coverage, with its own signature line, was left blank. 664 A.2d 559, 564-565 (Pa.Super. 1995).  None of these situations occurs in the instant case.

"UNINS./UNDERINS. MOTOR VEHICLE" in a box marked "COVERAGES."
Id. at 535-536.

Furthermore, in Orsag v. Farmers New Century
Insurance, the Supreme Court of Pennsylvania held that a two-
page insurance application which the insured had signed and
filled in with his requested reduced UM/UIM coverage satisfied
Section 1734.  Orsag, 15 A.3d 896, 897, 899 (Pa. 2011).  The
Court noted that

> There may be a more detailed way of satisfying the
> "writing" requirement, but it is unnecessary given the
> simple language of § 1734 and the manner in which insurance
> coverage amounts are selected.  Though it is laudable for
> insurance companies to provide additional information
> regarding UM/UIM insurance beyond what is found in the
> application, we see no purpose in requiring a separate
> statement when it is clear from the coverage selected that
> the insured intended reduced UM/UIM coverage.

Id. at 901.

Here, the 2010 Form is analogous to the documents in
Hughes and Orsag.  The printed text of the form states "I select
the following limits for Uninsured Motorists Insurance (Coverage
SS):" below which two "x's" appear in a grid, one in the row
labeled "Vehicle 1" and column labeled "15/30" and the other in
the row labeled "Vehicle 2" and the column labeled "15/30."
Below that is a line reading: "I select the following limits for
Underinsured Motorists Insurance (Coverage SU):" and an
identically-marked grid.

Immediately following the second grid is a statement reading: "The limits selected above will apply to all future renewals, continuations, and changes in your policy unless you contact your Allstate agent or we notify you otherwise," followed by the signature line.

Like the documents in Hughes and Orsag, the 2010 Form states the requested coverage amounts, bears the signatures of the insured parties, Jane E. Davis and Robert N. Davis, and manifests their intent to lower UM/UIM coverage below the bodily injury liability amount.  The fact that the insurance agent may or may not have placed the "x's" on the form is irrelevant.

Furthermore, unlike the documents in Hughes and Orsag, the 2010 Form is a completely independent document whose only purpose is to request lower UM/UIM coverage.  Accordingly, I conclude that the 2010 Form satisfies the Section 1734 requirements for reducing the level of UM/UIM coverage below the amount of bodily injury liability.

### Section 1791 Important Notice

Section 1791 of the MVFRL[23] creates a presumption that an insured party has received notice of the benefits and limits of coverage available under the MVFRL, provided that the insured receives and signs a notice containing specific language outlined in the statute.  45 Pa.C.S. § 1791.  The form entitled

---

[23]        45 Pa.C.S.A. § 1791.

"Important Notice," signed by plaintiff Jane E. Davis and dated June 2, 2004, contains this language.

Plaintiff's contention that because this form does not bear her husband's signature, the form is invalid, is irrelevant because Pennsylvania courts have clearly established that when there exists a clear and valid waiver under Section 1731 or Section 1734 of UM/UIM coverage equal to the bodily injury liability limit, the absence of a valid Section 1791 Important Notice does not merit the reform of an insurance policy, or in fact any remedy.

See, e.g., Allstate Insurance Company v. DeMichele, 888 A.2d 834, 838-839 (Pa.Super. 2005), which holds that the insurer's failure to comply with Section 1791's notice requirement did not bar the enforcement of the insured's Section 1731 rejection of UM coverage. See also Kline v. Old Guard Insurance Company, 820 A.2d 783, 788 (Pa.Super.Ct. 2003), which stated that "[o]ur cases have further held that even if there were a violation of § 1791's notice requirement, the MVFRL does not provide a remedy, and the courts are not free to create one."

Thus, the issue of whether the Important Notice plaintiff signed satisfies Section 1791 is moot.  Both plaintiff and her husband signed a valid request for the reduction of UM/UIM benefits pursuant to Section 1734.  Even assuming that

- 22 -

plaintiff argues correctly that she and her husband jointly were the first named insured[24], and the Important Notice she signed is therefore invalid without his signature, an invalid Section 1791 form does not justify reforming plaintiff's insurance policy to award more than the lower amount of UIM coverage that plaintiff knowingly requested and paid for.

I therefore conclude that, as of the time of her husband's accident, plaintiff had complied with all the provisions of the Motor Vehicle Financial Responsibility Act necessary to reduce UM/UIM coverage to $15,000 per person/$30,000 per accident, and thus plaintiff has failed to show that she is entitled to the $600,000 she seeks. Accordingly, I grant defendant's motion to dismiss with respect to Count I, and dismiss plaintiff's request for declaratory relief.

### Counts II and III: State-Law Bad Faith Claim

To state a valid bad faith claim under Pennsylvania law based on a denial of coverage, a plaintiff must allege that the defendant did not have a reasonable basis for denying insurance coverage and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. Terletsky v. Prudential Property & Casualty Insurance Company,

---

[24]     I do not decide the question of whether plaintiff singly or jointly with her husband is the "First Named Insured," because I conclude that resolving the issue is not material to the disposition of defendant's motion.

649 A.2d 680, 688 (Pa.Super. 1994)(citing American Franklin Life
Insurance Company v. Galati, 776 F.Supp. 1054, 1064 (E.D.Pa.
1991) (Pollak, J.)).

        When an insurer makes a correct determination of the
amount owed under a policy, it has a reasonable basis for
denying an insured's claims for a higher amount.  See Frog,
Switch & Manufacturing Company v. Travelers, Inc., 193 F.3d 742,
750 n.9 (3d Cir. 1999); and Caroselli v. Allstate Property and
Casualty Insurance Company, 2010 U.S.Dist. LEXIS 83515 at *9
(E.D.Pa. Aug. 16, 2010)(Schiller, J.), which held that "Allstate
properly paid to Caroselli the limits of liability pursuant to
the clear language of the Policy. Therefore, Allstate had a
reasonable basis for failing to pay additional monies to
Caroselli and he cannot make out a bad faith claim
against Allstate."

        Therefore, because the Davises validly reduced the
amount of their UIM coverage and Allstate has paid the reduced
amount, plaintiff's bad faith claim fails as a matter of law
because a correct determination of coverage precludes a bad
faith claim predicated on a theory that the insurer unreasonably
denied coverage.

        Plaintiff argues correctly that Pennsylvania law does
not limit bad faith claims to unreasonable denials of coverage.
A bad faith can have various other bases, including an insurer's

- 24 -

lack of investigation, lack of adequate legal research concerning coverage, or failure to communicate with the insured. Coyne v. Allstate Insurance Company, 771 F.Supp. 673, 678 (E.D.Pa. 1991)(Ludwig, J.); Smith v. Allstate Insurance Company, 904 F.Supp.2d 515, 524 (W.D.Pa. 2012).

However, to the extent that plaintiff might assert a bad faith claim on one of these alternative bases, her claim also fails. Her Amended Complaint contains no factual averments which support the inference that defendant did not conduct an investigation, failed to conduct adequate legal research, did not communicate to the plaintiff, or that any alternative basis for a bad faith claim exists.

Accordingly, I grant defendant's motion to dismiss and dismiss Count II and Count III from plaintiff's Amended Complaint without prejudice for plaintiff to file a second amended complaint which adequately sets forth her bad faith claims.

**Count IV: Breach of Covenant of Good Faith and Fair Dealing**

Pennsylvania law does not allow a separate cause of action for breach of an implied covenant of good faith and fair dealing, but rather holds that a bad faith claim merges with the underlying breach of contract action. Cummings v. Allstate Insurance Company, 832 F.Supp.2d 469, 473-474 (E.D.Pa. 2011) (Kelly, S.J.). Therefore, because plaintiff's contractual claim

- 25 -

in Count I fails, the supplemental breach of good faith and fair dealing fails as well.   Accordingly, I grant defendant's motion to dismiss and dismiss Count IV from plaintiff's Amended Complaint.

<u>**CONCLUSION**</u>

For the foregoing reasons, I grant defendant's motion to dismiss plaintiff's Amended Complaint in its entirety. Counts I and IV are dismissed with prejudice.   Counts II and III are dismissed without prejudice for plaintiff to file a second amended complaint which adequately sets forth her bad faith claims on or before October 20, 2014.